**Laurie G. SINGER, Plaintiff-Appellee, Plaintiff-Cross-Appellant,**

v.

**MAHONING COUNTY BOARD OF MENTAL RETARDATION and Mahoning County School for the Retarded, Defendants-Appellants, Defendants-Cross-Appellees.**

**Nos. 74–2361, 74–2362.**

United States Court of Appeals, Sixth Circuit.

July 18, 1975.

Vincent E. Gilmartin, Pros. Atty., Youngstown, Ohio, for defendants-appellants.

Charles Guerrier, Jane M. Picker, Cleveland, Ohio, Rita Page Reuss, Barbara Kaye Besser, Cleveland, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and McCREE and LIVELY, Circuit Judges.

PER CURIAM.

Defendant appeals from a back-pay award made by the district judge of $2,500 in a Title VII, 42 U.S.C. § 2000e, sex discrimination case and plaintiff cross-appeals from an award of $1,000 in attorney's fees.

On appeal, defendant-appellant does not contest the determination that plaintiff, a home economics teacher, was unlawfully required to discontinue teaching after the fifth month of pregnancy. Instead, it contends, although it did not before the district court, that because it is a public agency established by the State of Ohio, the Eleventh Amendment precludes an award against it. We recently considered this issue in another case and concluded that the Eleventh Amendment "is not a bar to an award that may be satisfied out of a county's treasury." *Incarcerated Men of Allen County Jail v. Fair*, 507 F.2d 281, 287 (6th Cir. 1974). That precedent controls this issue.

Plaintiff-cross-appellant contends that the attorney fee award of $1,000 is inadequate. Jane M. Picker, one of plaintiff's attorneys, testified that five lawyers had devoted a total of 39½ hours of work, billed at various rates, to her case. The attorneys sought an award of $2,400.50. The statute provides that: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 2000e–5(k). Although we interpret the statute to require the district court to award a fee that would approximate the customary fee in the community for similar work, the record before us does not show that an expenditure of 40 hours by five attorneys was reasonably necessary for the preparation and presentation of the case. Accordingly, we cannot say that the district judge abused his discretion in awarding only $1,000 in attorney's fees. *Waters v. Wisconsin Steel Works of International Harvester Co.*, 502 F.2d 1309, 1322 (7th Cir. 1974), *Weeks v. Southern Bell Telephone and Telegraph Co.*, 467 F.2d 95 (5th Cir. 1972).

Accordingly, the judgment of the district court will be affirmed.