460 F.Supp. 536 (1978)
Richard S. FLUHR, Plaintiff,
v.
Charles ROBERTS et al., Defendants.
No. C 77-0332-L(B).
United States District Court, W. D. Kentucky, Louisville Division.
October 20, 1978.
*537 Thomas E. Clay, Louisville, Ky., for plaintiff.
J. Bruce Miller, County Atty., Allen P. Dodd, III, Asst. County Atty., Louisville, Ky., for defendants.

MEMORANDUM AND ORDER
BALLANTINE, District Judge.
This matter is submitted to the Court for preparation and entry of an interlocutory Judgment. The issue before the Court is the extent to which the defendants, certain county officials and employees of Metropolitan Correctional Services Department, referred to hereinafter collectively as MCSD, are required to comport to the decision in Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Pursuant to this Court's Order, MCSD has tendered a plan which the Court has examined and considers to be basically acceptable.
Appended to the proposal is an inventory of available books. Obviously, a jail inmate would have no conceivable need for such esoteric volumes as The Estate Planner's Handbook or Neal's Valuation Under Eminent Domain, nor is it foreseeable that he would need access to statutes of other states.
Plaintiff has objected to defendant's plan and urges the Court to establish a full-scale law library staffed by professional library scientists. Bounds does not go this far. Plaintiff loses sight of the fact that Bounds dealt with the entire North Carolina prison system, consisting of 77 units scattered throughout 67 counties and housing about 13,000 inmates. We are concerned with one unit with a daily population of 400 to 650 inmates, with an average duration of confinement of about one week. It would be absurd to establish a complete library in the MCSD.
Bounds v. Smith, supra, does not require the establishment of a library. In Bounds the Court said:
"It should be noted that while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here, as in Gilmore, does not foreclose alternative means to achieve that goal.
* * * * * *
Nevertheless, a legal access program need not include any particular element we have discussed, and we encourage local experimentation. Any plan, however, must be evaluated as a whole to ascertain its compliance with constitutional standards." 430 U.S. 830, 97 S.Ct. 1499.
We must now determine what research materials should be made available to the inmates. O'Bryan v. County of Saginaw, Michigan, 437 F.Supp. 582 (E.D.Mich.1977), dealt with this question and the Court ordered the County to furnish its jail inmates with access to Titles 18, 28 and 42 of the United States Code Annotated and a manual on prisoners' civil rights. Id., p. 601.
The Court believes that the library in O'Bryan was overly meager and will order that:
*538 1. Defendant will purchase and keep available at all reasonable times for use by inmates: Federal Rules of Criminal Procedure, Federal Rules of Evidence, Federal Rules of Appellate Procedure, Title 18, United States Code, Crimes and Criminal Procedure, published by West Publishing Company; Federal Rules of Civil Procedure, Federal Rules of Evidence, Federal Rules of Appellate Procedure, Title 28, United States Code, Judiciary and Judicial Procedure, published by West Publishing Company; Brickey's Kentucky Criminal Law; Black's Law Dictionary or its equivalent; Kentucky Penal Code, K.R.S. Chapters 500 to 534; Kentucky Rules of Criminal Procedure.
The Trustees of the Jefferson County Law Library have manifested a willingness to make the resources of the library available to inmates, subject to reasonable restrictions. For this offer, the Court is grateful.
We turn next to the procedure for making the materials available. Obviously, reasonable restrictions may be imposed and, to this end, the Court approves, adopts and incorporates by reference the document styled "Metropolitan Correctional Services Department Policy Statement". The document is attached hereto as an appendix to this Memorandum.
The Court further orders that the cost of repairing or replacing materials damaged or destroyed while charged out to MCSD is to be borne by MCSD, subject to its right to reimbursement by the inmate causing the damage or destruction.
MCSD will be directed to display this Memorandum and Order in at least three (3) locations in its facility in the Jefferson Hall of Justice and at least once in any other facility which it may operate.
This matter is retained on the Court's docket for further consideration of other issues raised herein.
IT IS SO ORDERED this 20th day of October, 1978.
 *539 *540