**Richard S. FLUHR, Plaintiff,**

v.

**Charles ROBERTS et al., Defendants.**

**No. C 77–0332–L(B).**

United States District Court,
W. D. Kentucky,
Louisville Division.

Jan. 17, 1979.

Thomas E. Clay, Louisville, Ky., for plaintiff.

J. Bruce Miller, County Atty., Allen P. Dodd, III, Asst. County Atty., Louisville, Ky., for defendants.

## MEMORANDUM

BALLANTINE, District Judge.

This matter comes before the Court on motion of Thomas E. Clay to withdraw as counsel for plaintiff and for an award of attorney's fees. Plaintiff has filed a pro se motion for preliminary injunction to compel implementation of defendant's law library loan program.

Plaintiff, Richard S. Fluhr, brought this pro se action pursuant to Sections 1983 and 1985 of Title 42, United States Code. Fluhr was an inmate at the Jefferson County Jail when the suit was filed seeking declaratory and injunctive relief, as well as compensatory and punitive damages. The complaint alleged unreasonable searches, seizures and confiscation of personal property; deprivation of access to a law library or other assistance in preparing legal papers; inadequate medical, laundry and recreational facilities; unsanitary and malnutritional food services; and failure to provide other minimal hygienic necessities. Named as defendants were certain Jefferson County government officials and employees of the Metropolitan Correctional Services Department (MCSD).

On March 28, 1978, the Court granted plaintiff's motion for appointment of counsel as authorized by 28 U.S.C. Section 1915(d). In the Court's Memorandum Opinion, defendants were ordered to return all prisoners' property confiscated by MCSD or pay its reasonable cash market value. Defendants were also ordered to supply writing materials to indigent inmates. Complaints regarding visitation privileges and living conditions at the jail did not give rise to valid constitutional claims.

The remaining cause of action involves the availability of legal research materials to prison inmates. On October 20, 1978, the Court accepted a law library loan program which met the requirements of *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). *See Fluhr v. Roberts*, 460 F.Supp. 536 (W.D.Ky.1978). Plaintiff has challenged the County's implementation of the program ordered by the Court on October 20, 1978.

### I. COUNSEL'S MOTION TO WITHDRAW

■ Plaintiff's counsel has filed a motion to withdraw, citing "irreconcilable differences" between himself and the plaintiff which make further representation impractical. The plaintiff has substantiated these differences by requesting Mr. Clay's removal. It is clear that the attorney-client relationship may always be terminated by the client with or without cause. 7 C.J.S. Attorney and Client § 109. *See Potts v. Mitchell*, 410 F.Supp. 1278 (W.D.N.C.1976). Here, good cause has been shown by a mutual desire that Mr. Clay be relieved of his court-appointed duty. Therefore, the motion to withdraw as counsel will be granted.

### II. AWARD OF ATTORNEY'S FEES

Mr. Clay has asked the Court to award him a reasonable attorney's fee, citing the Civil Rights Attorney's Fees Awards Act of 1976 (1976 Act), Pub.L. 94–559, amending 42 U.S.C. Section 1988. Mr. Clay has submitted a time sheet showing approximately 32 hours of work on the case and copying expenses of $18.80. Defendants object to the awarding of fees on various grounds: Mr. Clay cited no authorities in support of his request; plaintiff has disputed the value of counsel's services; defendants claim to have been the prevailing party in this action; and there is no suggestion that defendants themselves or some third party should pay the fee.

■ Plaintiff's counsel has not fully complied with Rule 7 of the Rules of the United States District Court for the Western District of Kentucky, but counsel did refer the Court to the proper statute for awarding fees in such cases. The 1976 Act was enacted to authorize awarding of attorney's fees when no specific congressional authorization existed. The Act provides in relevant part: "In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985 and 1986 of this Title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." An extensive discussion of the 1976 Act, its legislative history, and its relation to recent United States Supreme Court decisions is found in *Gates v. Collier*, 559 F.2d 241 (5th Cir. 1977), and *Miller v. Carson*, 563 F.2d 741 (5th Cir. 1977). *See also Card v. Dempsey*, 445 F.Supp. 942 (E.D. Mich.1978).

■ The United States Court of Appeals for the Sixth Circuit recently awarded attorney's fees under the 1976 Act, stating that such remedial measures "should be liberally construed to achieve the public purposes involved in the congressional enactment." *Seals v. Quarterly County Court,* 562 F.2d 390, 393 (6th Cir. 1977). This approach was affirmed by the Sixth Circuit in *Fabiano v. Wheeler,* 583 F.2d 265 (6th Cir. 1978), where attorney's fees were awarded to the prevailing party in a school desegregation case. It is abundantly clear that the instant action falls within the intended scope of the 1976 Act.

■ The Court must decide if plaintiff has prevailed in this action by determining whether plaintiff's objectives of the litigation have been accomplished. *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C. 1976), aff'd sub nom., *Parker v. Califano,* 182 U.S.App.D.C. 322, 561 F.2d 320 (1977). Plaintiff "need not win a full trial on the merits to be said to prevail, but the lawsuit must have resulted in or been the catalyst of a victory for the party or the class he represents." *N.A.A.C.P. v. Bell,* 448 F.Supp. 1164, 1166 (D.D.C.1978).

■ The defendants claim that they have prevailed in the present action. However, plaintiff's main objectives have been accomplished. By previous order of the Court, defendants were instructed to return all property confiscated during the move to the new jail or else adequately to compensate inmates for such property. Although the allegations regarding visitation privileges and living conditions were not meritorious, the record establishes that plaintiff has prevailed through initiation of the law library loan program. It involves the cooperation of the county government through MCSD and the Jefferson County Law Library. The program does not involve implementation of a full-scale law library, yet it fulfills the constitutional requirements of *Bounds v. Smith.* In that respect, plaintiff has accomplished a major objective of his lawsuit. Combined with the law providing that counsel for such parties should be awarded compensation, a reasonable attorney's fee for Mr. Clay will be awarded. *Fabiano v. Wheeler, supra* at 265. The Court finds no reason to discriminate against court-appointed lawyers, as the purpose of the 1976 Act was to encourage the vindication of civil rights. *Miller v. Carson, supra* at 756.

■ The Court must next determine the amount of the award and against whom it is properly rendered. Although Jefferson County is a political subdivision of the Commonwealth of Kentucky, the Supreme Court has extinguished any argument that the Eleventh Amendment bars an award of attorney fees against the County. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Seals v. Quarterly County Court, supra* at 394. *See Rainey v. Jackson State College,* 551 F.2d 672, 675 (5th Cir. 1977). *See also Cunningham v. Grayson,* 541 F.2d 538 (6th Cir. 1976), cert. denied, 429 U.S. 1074, 97 S.Ct. 812, 50 L.Ed.2d 792 (1977), reh. den., 430 U.S. 941, 97 S.Ct. 1573, 51 L.Ed.2d 788 (1977); *Incarcerated Men of Allen County Jail v. Fair,* 507 F.2d 281, 287 (6th Cir. 1974). Further, the 1976 Act was enacted under Congress' Section 5 powers and, as such, no serious immunity argument can be raised. *Keyes v. School District No. 1, Denver, Colorado,* 439 F.Supp. 393, 399 (D.Colo.1977). Thus, defendants cannot argue that an award of attorney fees is barred by the Eleventh Amendment.

■ Congress recognized that suits brought against individual officers for injunctive relief are for all practical purposes brought against the governmental unit itself. The legislative history of the 1976 Act makes it clear that in such suits "the attorney's fees, like other items of costs, will be collected either directly from the official, in his official capacity, from funds of his agency or under his control, or from the state or local government (whether or not the agency or government is a named party)." S.Rep. No. 94–1011, p. 5 (1976) (footnotes omitted). U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913.

In *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) members of the Arkansas Board of Correction challenged an award of attorney's fees under the 1976 Act to be paid out of Department of Corrections funds. The Supreme Court held that the district court's award was adequately supported by its finding of bad faith and that the 1976 Act supported the additional award by the Court of Appeals as part of the costs.

MCSD is a division of county government. KRS 67B.010. Although the County and MCSD were not named as defendants, the suit was for all practical purposes brought against MCSD. The actions of the County Attorney show that. His office has defended this action since it began. *See Holt v. Sarver*, 300 F.Supp. 825, 826 (E.D. Ark.1969). Consequently, MCSD is the entity intended by Congress to bear the burden of counsel fees award. *Hutto v. Finney, supra* at 2579.

 The Sixth Circuit has held that "[a]ttorneys' fees awards should be high enough to attract competent counsel yet not so high as to provide a windfall for them. Multiplying the number of hours properly spent times a reasonable hourly rate is sufficient to serve this goal." *Oliver v. Kalamazoo Board of Education*, 576 F.2d 714 (6th Cir. 1978). Mr. Clay listed hours spent on this case, broken down by the various aspects of the proceedings and according to his work product efforts. In *Singer v. Mahoning County Board of Mental Retardation*, 519 F.2d 748, 749 (6th Cir. 1975), the Court found Title VII reasonable attorneys' fees provisions "to require the district court to award a fee that would approximate the customary fee in the community for similar work." Subjective factors may be used to increase or decrease the total amount awarded. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). None of the factors enunciated in *Johnson* are particularly salient in this instance. Accordingly, the Court finds that Mr. Clay is entitled to an award of $1,273.33 based on 31 hours and 50 minutes labor at $40.00 per hour. Mr. Clay is also entitled to recover

$18.80 in costs, for a total award of $1,292.13.

## III. MOTION FOR PRELIMINARY INJUNCTION

 Proceeding pro se, plaintiff has filed a motion for preliminary injunction, claiming that the defendants have not implemented the law library loan program. However, it appears from the record that the program is in full force and effect according to previous order of this Court.

The Jefferson County Law Librarian, Kent Metcalf, and the Acting Deputy Director of MCSD, G. C. Vanderpool, have sworn by way of uncontradicted affidavits that the program began in November, 1978, and is now operating according to plan.

Therefore, plaintiff's motion for preliminary injunction will be denied; and, further, the Court, finding that all proper causes of action have been determined, will, sua sponte, dismiss the action in its entirety.

Appropriate Orders have been entered this 17th day of January, 1979.