862 F.2d 1040
 Richard O.J. MAYBERRY
v.
Gilbert A. WALTERS, Deputy Superintendent; Joseph M. Ryan,
Deputy Superintendent; David H. Larkins, Manager
of Treatment S.C.I. at Dallas, Pa.
Richard O.J. Mayberry, Appellant in No. 88-5174.
Gilbert A. Walters, Joseph M. Ryan, David H. Larkins,
Appellants in No. 88-5175.
Prudence Bushnell, Esquire, Appellant in No. 88-5181.
Richard O.J. Mayberry, Appellant in No. 88-5422.
 Nos. 88-5174, 88-5175, 88-5181 and 88-5422.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Nov. 28, 1988.
Decided Dec. 16, 1988.
 
 Richard O.J. Mayberry, Huntingdon, Pa., appellant pro se.
 Prudence Bushnell, Washington, D.C., appellant pro se.
 LeRoy S. Zimmerman, Atty. Gen., Amy Zapp, Deputy Atty. Gen., Gregory R. Neuhauser, Sr. Deputy Atty. Gen., John G. Knorr, III, Chief Deputy Atty. Gen., Chief, Litigation Section, Office of Atty. Gen., Harrisburg, Pa., for Gilbert A. Walters, Joseph M. Ryan and David H. Larkins.
 Before SEITZ, STAPLETON and COWEN, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Three individual defendants appeal from a portion of a final order of the district court denying their motions for a new trial or to alter or amend the judgment after a jury verdict in plaintiff's favor. In addition, the pro se plaintiff and his former counsel appeal from other portions of the same order. We have jurisdiction under 28 U.S.C. Sec. 1291 (1982).
 
 
 2
 Plaintiff, a state convicted prisoner, commenced this action under 42 U.S.C. Sec. 1983 (1982) against three prison officials for damages resulting from an attack on him by a fellow prisoner. He alleged the following violations of the eighth and fourteenth amendments to the United States Constitution:[1]
 
 
 3
 (1) the attack was the result of a conspiracy among the defendants to cause the attack to be made on him; or (2) the defendants' failure to protect him from the attack under the circumstances constituted gross negligence. The jury awarded plaintiff $500 in compensatory damages and $500 in punitive damages against each defendant. The defendants moved for a new trial and, alternatively, to alter or amend the judgment. We shall first address their arguments on appeal.
 
 I.
 A.
 
 4
 Defendants contend that the district court erred in denying their motion for a new trial because the jury verdict was contrary to the clear weight of the evidence as to both liability and damages.
 
 
 5
 We review the district court's denial of a new trial under an abuse of discretion standard. Thomas v. Korvette, 476 F.2d 471, 474 (3d Cir.1973). The district court concluded that plaintiff's testimony, despite the denials by defendants, created a credibility issue for the jury. Although, the district court did not further refine the matter, we infer that it felt that such was the case as to both of plaintiff's alleged theories of liability.
 
 
 6
 We have reviewed the record, including the trial transcript in this matter, and it cannot be doubted that credibility issues existed with respect to several critical factors under either of plaintiff's theories, e.g., the point in time when defendants knew of the attacking prisoner's alleged animosity toward plaintiff. The admissible evidence on the conspiracy theory of liability is much less compelling than that on the gross negligence theory. However, we cannot say it does not meet the minimum standards for jury consideration. Nor, given our standard of review, can we say the evidence on the gross negligence theory fails to meet this threshold. Thus, we cannot conclude that the district court abused its discretion in denying a new trial as to either liability or damages, despite a deep unease as to the believability of some of the testimony.
 
 B.
 
 7
 Defendants urge that, in any event, a new trial should have been granted because the district court committed prejudicial error in excluding a document offered by them on the ground that a proper foundation had not been laid for its admission. We again review for abuse of discretion.
 
 
 8
 We have no doubt that the testimony identifying plaintiff's handwriting on the document in question satisfied any reasonable authentication requirement. Thus, the exclusion of the document was not consistent with a sound exercise of discretion. However, we believe that the exclusion did not constitute reversible error because the message of the letter, reflecting plaintiff's extreme animosity toward prison personnel, was clearly evident to the jury on the basis of plaintiff's own testimony.
 
 C.
 
 9
 Defendants argue lastly that the district court erred in not altering or amending the judgment as to the amount of damages awarded. We review once more for abuse of discretion.
 
 
 10
 After a review of the record and considering the amount awarded, we find no basis to question the reasonableness of the jury's compensatory damages verdict. As to punitive damages, we have reviewed the record and--given plaintiff's theories of liability and the evidence in the record--we cannot conclude that the district court abused its discretion in denying the motion. Consequently, the denial of the defendants' motions will be affirmed.
 
 II.
 A.
 
 11
 We turn now to plaintiff's appeals from the district court's orders refusing to allow his costs under either Fed.R.Civ.P. 54(d) or 42 U.S.C. Sec. 1988 (1982), and from the district court's denial of the motion of his former attorney, Prudence Bushnell, for attorney's fees. At this point we limit our discussion to "costs" other than legal services rendered by Ms. Bushnell.
 
 
 12
 The district court denied this pro se plaintiff costs representing services rendered him by a paralegal. There is no authority to consider such services as costs to plaintiff under Fed.R.Civ.P. 54(d) nor are they recoverable under 42 U.S.C. Sec. 1988, which by its terms provides only for an "attorney's fee" and not for a fee for paralegal services. "The use of the words 'attorney's fee[ ]' presupposes that the prevailing party has been represented by an attorney." Vaughn v. Pitts, 679 F.2d 311, 312 (3d Cir.1982). We emphasize that we are not concerned with the value of paralegal services rendered to an attorney in a cause. Otherwise permissible costs under the Rule 54(d)--requested in addition to the costs representing paralegal services--were properly denied plaintiff because of his failure to comply with the requirements and limitations imposed by the district court. The orders of the district court denying costs to the plaintiff will be affirmed.
 
 B.
 
 13
 We come next to an unusual aspect of this litigation. One of the notices of appeal filed by plaintiff was, in part, directed to the order of the district court denying Prudence Bushnell's petition under 42 U.S.C. Sec. 1988 for attorney's fees. Ms. Bushnell also filed an appeal from the same order. Some background is in order.
 
 
 14
 Plaintiff filed a pro se complaint. Subsequently, Ms. Bushnell, on application, was permitted to appear as his counsel. At some point thereafter, Ms. Bushnell filed a motion for a continuance of the trial date on the ground that she needed more preparation time in view of the state of the record and her other legal commitments. The motion was not acceded to by defendants' counsel. Although a continuance was granted by the district court, plaintiff's counsel felt that the extension was totally inadequate under the circumstances. She then filed a motion for reconsideration or, in the alternative, for leave to withdraw her appearance. This motion was denied. The plaintiff, himself, thereupon moved to dismiss Ms. Bushnell as his counsel and his motion was granted prior to trial.
 
 
 15
 After plaintiff, proceeding pro se, prevailed in his jury trial, Ms. Bushnell filed a petition seeking attorney's fees for services rendered during the period of her participation in the lawsuit. The district court first held that Ms. Bushnell, as opposed to her client, had no standing to seek attorney's fees under Sec. 1988. It is to this legal issue that we now turn.
 
 Section 1988 provides in pertinent part:
 
 16
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 17
 42 U.S.C. Sec. 1988 (1982).
 
 
 18
 It is boilerplate law that it is the party who is entitled to an allowance for the legal services of his attorney. Indeed, Sec. 1988 says so. Thus, such petitions are generally filed by the party and that is the preferred procedure, Jones v. Stack, 758 F.2d 567, 570, n. 7 (11th Cir.1985). However, it is also permissible practice for such fee applications to be filed by the attorney himself. In so doing, however, it is clear that the attorney is viewed as the surrogate for the client. See, e.g., Maurer v. International Reinsurance Corp., 33 Del.Ch. 456, 464, 95 A.2d 827, 831 (1953). So viewed, we conclude that Ms. Bushnell had standing to maintain her petition in the district court, recognizing that in reality her petition is to be judged as though it were the petition of the client. By a parity of reasoning, under these circumstances her appeal is properly before this court. This is particularly so because Ms. Bushnell's appeal is in harmony with the wishes of her client, as evidenced by the fact that he has also "appealed" from the district court's order denying her petition.
 
 
 19
 At first blush, our decision may be thought to be inconsistent with Brown v. General Motors, 722 F.2d 1009 (2d Cir.1983). However, given the circumstances of that case, the court seemed to view the attorney's petition as in conflict with the client's interests. Indeed, when the client filed a consent at the appellate level, the court proceeded, alternatively, to address the merits of the petition.
 
 
 20
 We come then to the merits of Ms. Bushnell's petition. As we read the memorandum of the district court, it held that Ms. Bushnell was not entitled to any legal fee because she did not represent plaintiff at trial. Defendants maintain that this is not the real thrust of the ruling but we think otherwise. Thus, the district court in effect refused to award Ms. Bushnell any compensation for the period of time she served as plaintiff's counsel.
 
 
 21
 We believe that 42 U.S.C. Sec. 1988 permits a district court to award a prevailing plaintiff compensation for services rendered by his or her attorney in the action even though such services did not cover the trial so long as they would be allowable to any prevailing party with counsel. Cf. Fluhr v. Roberts, 463 F.Supp. 745 (W.D.Ky.1979) (awarding attorney's fee under Sec. 1988 to an attorney and at the same time granting his motion to withdraw before the end of the litigation).
 
 
 22
 There may be many reasons why an attorney-client relationship is terminated after an attorney has rendered valuable services but before final judgment, e.g., the lawyer's death. We can discern no good reason in policy or fairness to interpret Sec. 1988 as "forfeiting" the value of otherwise compensable services. Given the statute's beneficent purpose, we think the district court took too narrow a view of its coverage. We emphasize that Ms. Bushnell seeks reasonable compensation solely for her services while she acted as plaintiff's counsel.III.
 
 
 23
 The portion of the order of the district court denying defendants' motions for a new trial or to alter or amend the judgment will be affirmed.
 
 
 24
 The portion of the order of the district court denying costs to plaintiff will be affirmed.
 
 
 25
 So much of the order of the district court denying an attorney fee to Prudence Bushnell will be reversed and the matter will be remanded to the district court for the allowance of an appropriate fee. Because we have resolved this issue in Ms. Bushnell's appeal, we will dismiss that portion of the plaintiff's appeal addressed to the denial of her attorney's fee petition. In No. 88-5174 each party shall bear his own costs. Costs will be taxed against appellants in No. 88-5175; against appellees in No. 88-5181; and against appellant in No. 88-5422.
 
 
 
 [1]
 Defendants do not argue before this court that the plaintiff's allegations fail to state a permissible basis for liability under either constitutional provision