

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2003

# Cent Dauphin Sch v. S.

Precedential or Non-Precedential: Non-Precedential

Docket 00-2601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Cent Dauphin Sch v. S." (2003). *2003 Decisions*. Paper 656.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/656

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 00-2601, 00-2689, 00-2912
_____


CENTRAL DAUPHIN SCHOOL DISTRICT,
Appellant
v.

RASHAWN S.; ALISHA S., by and through their
guardian; KENDRA S.


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 99-cv-01086)
District Judge: The Honorable J. Sylvia Rambo
Magistrate Judge: The Honorable J. Andrew Smyser


_____


Submitted Under Third Circuit LAR 34.1(a)
December 16, 2002


BEFORE: NYGAARD, ALITO, and McKEE, Circuit Judges.


(Filed: April 14, 2003)


_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

This case began in due process hearings filed under the Individuals with

Disabilities Education Act, 20 U.S.C. § 1400, by Appellees herein. The hearing officer

found that the School District had denied the Appellees an appropriate education for the

first three days of the 1998-1999 school year, and ordered the School District to provide

the Appellees with three days' compensatory education. The State Review Panel affirmed

this decision. The School District filed a complaint in the nature of an appeal from the

decision of the State Review Panel. The Students counterclaimed for attorneys' fees.

The District Court granted summary judgment to Appellees on March 6,

2000, but ordered the Clerk to withhold entry of judgment pending a resolution of the

questions of remedy and attorneys' fees. The Students filed a motion for attorneys' fees

and costs, and for a compensatory education remedy. The District Court granted the

Students' motion in the amount of $20,270.32.

The School District filed its appeal from the District Court orders at Docket

No. 00-2601, and Docket No. 00-2689. The Appellant School District also filed a

protective notice of appeal at Docket No. 00-2912.[1] The School District's appeals have

---

1. The Student Appellees also filed a motion for additional attorneys' fees pursuant to
F.R.C.P. 54(d)(1)-(2), which the District Court denied. The Students filed a notice of
appeal from that order at Docket No. 00-3658, which on October 1, 2000, was

(continued...)

2

been consolidated. Because we are unable to determine whether this case was live throughout the federal proceeding below and on appeal, we remand to the district court.

The Appellant School District raises several issues, none of which we reach. We are severely hindered in our review by the fact that the only brief filed on appeal is that of Appellant. Appellee's attorney has formally withdrawn from the case, and on information received from the Clerk's Office, the Appellees have moved from the area and have expressed no interest in the appeal. Consequently, the only argument that is before us is that presented by the Appellants therein.[2]

The Federal Rules of Appellate Procedure do not allow us to enter default judgment against an appellee for failure to file a brief. However, this does not relieve us from the Constitutional requirement to ascertain that a case continues to be live throughout the appellate process. Article III, §2 of the Constitution requires there to be a live case or controversy throughout the pendency of an appeal. *See e.g.*, *United States v. Kissinger* 309 F.3d 179, 180 (3d. Cir. 2002). This is not a case where the appellee stands by and allows us to proceed on only the appellant's briefs and the opinion of the district court. *See United States v. Everett*, 700 F.2d 900, 902 (3d Cir. 1983) ("If an appellee after

---

1.    (...continued)
"procedurally terminated without judicial action; default."

2.    Fed. R. App. P. 31(c) provides that "an appellee who fails to file a brief will not be heard at oral argument unless the court grants permission." We have no request for oral argument, nor would we be disposed to grant one.

3

proper notice fails to file a brief, then we may decide the case on the brief of the appellant only."). This case goes further.

Before the District Court, the Appellant School District argued that there was some question as to whether the client was still interested in the litigation, or whether the attorney was continuing the litigation to recoup fees. At the hearing below, the Appellants pointed to evidence questioning the client's continuing interest in the case. *See* Appendix at 471–478. Specifically, the Special Education Review panel reached its decision on May 28, 1999. There is no question that the client was involved in the litigation through this point. The School District filed its complaint in federal court on June 24, 1999. *See* Appendix at 83. A review of the billing records submitted to substantiate the fees raises questions as to the client's involvement after this point, especially in light of the facts as they now stand.

Appellants claim that Kendra S. has not lived at her Harrisburg address since May 1999. *See* App. Brief at 22 n.5. This is substantiated by testimony at the hearing. *See* Appendix at 473. Despite this change in address, the invoices for legal services listed Kendra's Harrisburg address through May, 2000. *See* Appendix at 349. After that, no address is listed for Kendra S. on the invoices. *See* Appendix at 347. The last conversation with the client is indicated on the invoices as a May 12, 1999 telephone conference. *See* Appendix at 356. The invoices do reference "letter/fax to client" on June 14, 2000, Appendix at 347; and April 18, 2000, Appendix at 350; however, Kendra S.'s address is not listed for one invoice, and is apparently wrongly listed on the other. This is

in contrast to the regular consultation with the client indicated in the earlier invoices. *See e.g.*, Appendix at 355–362. If the client no longer maintained an interest in the case throughout the federal hearings, the case was no longer live.

While normally, the invoices and address change might not be enough to bring into question whether or not the case is moot, the unique facts of this case leave us in an unavailing position. The Magistrate Judge noted the Appellant's concern, but made no ruling on the record beyond noting at the hearing:

> it seems to me that where counsel has represented the clients in the administrative proceeding, and has prevailed in the administrative proceeding, and then . . . enters an appearance on behalf of the same party [on appeal], that there is no basis in that for an inference and no basis for placing a burden on counsel of proving that counsel has the authority to represent that same party. . . . I think under those circumstances counsel's authority to represent the client is not subject to question.

Appendix at 478.

The attorney below has withdrawn from the case, and the Clerk's Office has indicated that Kendra S. is no longer interested in the outcome of this litigation. If this is true, then the case is moot. "It is boilerplate law that it is the party who is entitled to an allowance for the legal services of his attorney." *Mayberry v. Walters*, 862 F.2d 1040, 1042 (3d Cir. 1988). We are not in a position to make a factual determination as to Kendra S.'s continuing interest in this litigation. We also cannot dismiss the case at the appellate level for failure of the Appellee to file a brief. Furthermore, we are not inclined to address the merits of this appeal when there are outstanding questions as to whether the case is still

live.  Therefore, we remand the case to the district court on the issue of mootness.  If the Appellees, now acting *pro se* or with new counsel, do not participate, the District Court is empowered to vacate its earlier judgments and dismiss the action.  *See Salovaara v. Jackson National Life Ins. Co.*, 246 F.3d 289, 296 (3d. Cir. 2001) ("Vacatur may be decreed for judgments whose review has become moot due to circumstances beyond the control of any of the parties or where mootness results from the unilateral action of the party who prevailed in the lower court.").

_____

TO THE CLERK:

        Please file the foregoing opinion.


                           /s/Richard L. Nygaard
                           Circuit Judge