**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4762
_____

JOANN FONZONE,
a/k/a Judy McGrath,
                                        Appellant

v.

TRIBUNE CORPORATION; THE MORNING CALL NEWSPAPER;
CHRISTINE SCHIAVO, Supervisor; TIM RYAN, Publisher;
KEVIN AMERMAN, Reporter; DOES 1-100
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-11-cv-00108)
District Judge:  Honorable James Knoll Gardner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2015
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: April 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jo Ann Fonzone, proceeding pro se, appeals from an order of the United States District Court for the Eastern District of Pennsylvania denying her motion to reopen her defamation action. For the reasons below, we will affirm.

In January 2011, Fonzone, a Pennsylvania citizen, filed a complaint in the District Court containing numerous claims arising from an allegedly libelous article about her that was published in *The Morning Call*, an Allentown newspaper, in May 2010. She asserted that the District Court had diversity jurisdiction under 28 U.S.C. § 1332. But because the complaint did not specify which defendant was a citizen of which state, the District Court ordered Fonzone to "file an amended complaint which pleads the grounds upon which this court's [diversity] jurisdiction depends." Fonzone filed an amended complaint, but it did not contain information about the citizenship of several of the defendants. Accordingly, in February 2011, the District Court dismissed the complaint "for lack of jurisdiction, without prejudice for [Fonzone] to re-file a civil action which establishes subject matter jurisdiction, within the applicable statute of limitations."[1] 42 Pa.C.S. § 5523(1) (imposing a one-year statute of limitations on claims for defamation).

Over two and a half years later, Fonzone moved to reopen the proceedings. Cf. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that a dismissal without

---

[1] Thereafter, Fonzone brought an action in the Lehigh County Court of Common Pleas arising out of the May 2010 newspaper article. That court sustained the defendants' preliminary objections because Fonzone failed to properly serve her amended complaint and because the amended complaint was insufficiently specific and failed to state a claim upon which relief could be granted. The Superior Court affirmed based on lack of proper service, see Fonzone v. Tribune Corp., 52 A.3d 375 (Pa. Super. Ct. 2012), and the Pennsylvania Supreme Court denied her petition for leave to appeal nunc pro tunc.

prejudice is considered final where the applicable statute of limitations would not permit the refiling of a claim). The District Court denied the motion to reopen in September 2013, noting that she still had not properly established the District Court's jurisdiction. Undeterred, Fonzone filed a timely motion for reconsideration of the order denying her motion to reopen. See Fed. R. Civ. P. 59(e). The District Court denied the reconsideration motion by order entered November 15, 2013, explaining that Fonzone "has not provided the court with any intervening change in the controlling law, any new evidence that was not available, or shown the need to correct a clear error of law." On December 18, 2013, Fonzone filed a notice of appeal from the order denying her motion to reopen.[2] We have jurisdiction under 28 U.S.C. § 1291.

The District Court did not abuse its discretion in denying Fonzone's motion to reopen, which we construe as seeking relief under Federal Rule of Civil Procedure

---

[2] A notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the date of entry of the judgment or order appealed. Fed. R. App. P. 4(a)(1)(A). But where, as here, a motion for reconsideration is timely filed with the District Court, the time for filing a notice of appeal does not begin to run until the district court enters an order disposing of the reconsideration motion. Fed. R. App. P. 4(a)(4)(A)(iv); see also CTC Imports and Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991) (stating that a denial of a Rule 59(e) motion to alter or amend brings up the underlying judgment for review); cf. Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984) (concluding that tolling under Rule 4(a)(4) is unavailable based on a motion for re-reconsideration where the "factual and legal issues surrounding the earlier motion and the current motion are roughly similar"). Although Fonzone nonetheless failed to file her notice of appeal within 30 days of the order denying her motion for reconsideration, the District Court subsequently granted her motion to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5) and deemed her appeal timely filed.

3

60(b)(6).[3]  Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011) (review of the denial of a motion to reopen under Rule 60(b) is for abuse of discretion).  The District Court initially dismissed the action because Fonzone's complaint and amended complaint failed to establish complete diversity of the parties.  See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n. 13 (3d Cir. 1999) (noting that the plaintiff has the burden of pleading jurisdiction and must state each party's citizenship so that complete diversity can be confirmed).  "When a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), because the complaint cannot be amended while the judgment stands."  Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367-68 (3d Cir. 2013).  "This court has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (internal quotation marks and citations omitted).  Such extraordinary circumstances generally exist only where the movant can demonstrate that "an 'extreme' and 'unexpected' hardship will result."  Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

---

[3] Rule 59 cannot apply here because Fonzone filed her motion over 28 days after the entry of judgment.  Fed. R. Civ. P. 59(b).  Similarly, her motion would have been untimely if construed as brought under Rule 60(b)(1)-(3), as such motions must be filed within one year of the challenged order or judgment.  See Fed. R. Civ. P. 60(c)(1).  In addition, Fonzone's motion did not allege that the judgment was void or had been satisfied.  See Fed. R. Civ. P. 60(b)(5)-(6).

4

Fonzone has not made that showing here because she has not explained what "exceptional circumstances" would justify "extraordinary relief" under Rule 60(b).  See Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.").  Her motion to reopen neither acknowledged the basis for the District Court's dismissal of the complaint nor included the information necessary to establish diversity jurisdiction.  See Ahmed, 297 F.3d at 208-09 (holding that if amendment of the complaint would be futile, then the District Court has "a valid reason both for denying a motion to amend [the complaint under Fed. R. Civ. P.] Rule 15 and for refusing to reopen the judgment under Rule 60(b).").  Therefore, we conclude that the District Court acted within its discretion in denying Fonzone's motion to reopen.  To the extent that Fonzone seeks to challenge the order denying her motion for reconsideration of the order denying her motion to reopen, we likewise conclude that the District Court did not abuse its discretion.  See Jang, 729 F.3d at 367 (review of denial of a motion under Rule 59(e) is for abuse of discretion).

For the foregoing reasons, we will affirm the judgment of the District Court.