CLD-004 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2488
_____

JOANN FONZONE, a/k/a Judy McGrath,
Appellant

v.

TRIBUNE CORPORATION; THE MORNING CALL NEWSPAPER; CHRISTINE
SCHIAVO SUPERVISOR; TIM RYAN PUBLISHER;
KEVIN AMERMAN REPORTER; DOES 1-100
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-11-cv-00108)
District Judge:  Honorable James Knoll Gardner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2016
Before:  FISHER, SHWARTZ and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 14, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jo Ann Fonzone appeals from a District Court order denying her motion for post-judgment relief. For the following reasons, we will summarily affirm.

Fonzone filed a complaint in the United States District Court for the Eastern District of Pennsylvania containing numerous claims arising from the publication of an allegedly libelous newspaper article about her. The District Court ultimately dismissed the complaint for lack of jurisdiction because Fonzone failed to establish the complete diversity of citizenship necessary for diversity jurisdiction. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013). Since then, Fonzone has continued to press her case in the District Court, without success. See Fonzone v. Tribune Corp., 608 F. App'x 76, 79 (3d Cir. 2015) (not precedential) (affirming the denial of Fonzone's motion to reopen). Most recently, Fonzone filed a motion for a new trial under Fed. R. Civ. P. 59(b),[1] for attorneys' fees under Fed. R. Civ. P. 54, and for relief from a final order based on fraud under Fed. R. Civ. P. 60. The District Court rejected that motion. Fonzone appealed. In addition, on June 1, 2016, she filed a motion for a "settlement conference, discovery exchange, injunction to retract and remove inaccurate information

---

[1] Rule 59(b) pertains to the time for filing a motion for a new trial. Because there was no trial here, we will construe Fonzone's motion as being filed under Rule 59(e), which pertains to efforts to alter or amend the judgment. See Piazza's Seafood World LLC v. Odom, 448 F.3d 744, 748 n.9 (5th Cir. 2006) ("The district court correctly characterized and analyzed the Commissioner's Rule 59(a) motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment.").

2

from newspaper article and internet postings, and three month stay of proceedings for medical treatment."

We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's order for abuse of discretion. See Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (reviewing denial of a Rule 59(e) motion for abuse of discretion); Vanguard Envtl., Inc. v. Kerin, 528 F.3d 756, 758 (10th Cir. 2008) (reviewing "for abuse of discretion the district court's denial of a motion for attorneys' fees under" Rule 54(d)(2)); Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002) (reviewing for abuse of discretion denial of a motion filed pursuant to Rule 60(b)(3) based on alleged fraud).

The District Court properly denied Fonzone's request for relief. There was no basis to alter or amend the judgment under Rule 59(e) because Fonzone did not identify a manifest error or present newly discovered evidence pertaining to the District Court's conclusion that it lacked subject matter jurisdiction. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam). In addition, as the District Court explained, Fonzone's request for attorneys' fees under Rule 54 was improper because, inter alia, she failed to demonstrate that she was an attorney licensed to practice before the District Court. See Mayberry v. Walters, 862 F.2d 1040, 1042 (3d Cir. 1988) (stating that there is "no authority to consider . . . services [rendered to a pro se plaintiff by a paralegal] as costs to plaintiff under Fed. R. Civ.P. 54(d)"). Finally, her conclusory assertion that "Defendants and third parties have perpetrated a fraud on the Court" was insufficient to

3

support relief under Rule 60(b)(3).  See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d

Cir. 1983) (stating that, to prevail on a Rule 60(b)(3) motion, the moving party "must

establish that the adverse party engaged in fraud or other misconduct, and that this

misconduct prevented the moving party from fully and fairly presenting his case.").

Consequently, this appeal does not present a substantial question.  Accordingly,

we will summarily affirm the District Court's judgment.[2]  See 3d Cir. LAR 27.4 and

I.O.P. 10.6.

---

[2] We deny Fonzone's motion for a "settlement conference, discovery exchange,
injunction to retract and remove inaccurate information from newspaper article and
internet postings, and three month stay of proceedings for medical treatment."  With
respect to the request for a stay, we note that the Clerk temporarily stayed the appeal, and
later directed that the appeal would remain stayed until September 23, 2016, effectively
granting the three-month stay that Fonzone sought.