**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENNETH WILLIAM LEWIS EL,

    Plaintiff - Appellant,

v.

OFFICE OF THE CO GOVERNOR (AND
SURETIES); OFFICE OF THE CO
ATTORNEY GENERAL (AND
SURETIES); OFFICE OF THE CO PUC
(AND SURETIES),

    Defendants - Appellees.

No. 19-1135
(D.C. No. 1:19-CV-00163-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

    Kenneth William Lewis El filed a complaint in the United States District Court for

the District of Colorado.  The district court dismissed that complaint because it did not

provide the defendants with fair notice of the specific claims Lewis asserted against them

_____

[*] After examining the Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or the specific factual allegations that supported those claims. Lewis appeals that determination. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In January 2019, Lewis filed a document entitled "Petition for Writ Certiorari" in the United States District Court for the District of Colorado. Several days later, the magistrate judge assigned to the matter issued an order advising Lewis that, among other things, he had not submitted a complaint, petition, or application. The order indicated that if Lewis did not cure that deficiency, the court would dismiss the action without prejudice.

Lewis then filed a document entitled "Complaint." The district court determined that his complaint did not comply with Federal Rule of Civil Procedure 8 because it: (1) failed to provide a clear statement of the claim or claims Lewis was asserting; (2) failed to provide a short and plain statement of the grounds for the court's jurisdiction; and (3) contained vague and conclusory allegations. The district court then granted Lewis leave to file an amended complaint within thirty days.

Lewis filed an amended complaint within that deadline. The district court subsequently dismissed the action without prejudice because the amended complaint still did not provide the defendants with fair notice of the specific claims Lewis asserted against them or the specific factual allegations that supported the claims.

After the district court dismissed the action, Lewis timely appealed the dismissal

to this court.  In his opening brief, he indicates that, among other purported errors,[1] the district court erred when it:

> imposed the requirement on [him] to comply with 'Rules' of Procedure that [he] unwilfully did not comply with.  Statutes, codes, rules and procedure of common law do[] not have any efficacy in Exclusive Equity Jurisdiction, in the chambers of a federal judge/chancellor the entire cause may be settled.

Appellant's Br. 2.  He also files several motions: (1) a motion to appoint a special master; and (2) a motion for judgment and order *pro confesso*.

## II.

Lewis's appeal lacks merit.  In federal court, "[t]here is one form of action—the civil action."  Fed. R. Civ. P. 2.  The civil action encompasses both "actions at law" and "suits in equity."  See Fed. R. Civ. P. 2 advisory committee's note to 1937 adoption ("Reference to actions at law or suits in equity in all statutes should now be treated as referring to the civil action prescribed in these rules.").  The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts."  Fed. R. Civ. P. 1.  Although several exceptions exist, see id.; Fed. R. Civ. P. 81, Lewis does not argue that any of those exceptions apply here.

---

[1] Lewis also asserts that the district court erred because: (1) he had inadvertently not served the defendants; (2) the action was significant enough to proceed without payment of court fees; and (3) his allegations regarding *jurisdiction* were not conclusory (although he then immediately conceded that the district court had not erred with respect to his jurisdictional allegations).  Significantly, none of those errors relate to the district court's determination that the amended complaint did not provide the defendants with fair notice of the specific claims Lewis asserted against them or the specific factual allegations that supported those claims.

Nor is it immediately evident to the Court, after reviewing the threadbare allegations in the operative complaint, that any such exception applies to this action. Thus, we conclude that the district court did not err when it applied Federal Rule of Civil Procedure 8 in the action below.[2]

### III.

For the reasons stated above, we affirm the district court. We also deny Lewis's motions to appoint a special master and for judgment and order *pro confesso*.


Entered for the Court


Joel M Carson III
Circuit Judge

---

[2] For the same reason, Federal Rule of Civil Procedure 55—which governs default judgment—applies in equity actions. The default judgment procedure specified in that rule replaces the equity decree *pro confesso*. See Fed. R. Civ. P. 55 advisory committee's note to 1937 adoption ("This represents the joining of the equity decree *pro confesso* (former Equity Rules 12 (Issue of Subpoena--Time for Answer), 16 (Defendant to Answer--Default--Decree *Pro Confesso* ), 17 (Decree *Pro Confesso* to be Followed by Final Decree--Setting Aside Default), 29 (Defenses--How Presented), 31 (Reply--When Required--When Cause at Issue) ) and the judgment by default now governed by U.S.C., Title 28, [former] § 724 (Conformity act)."). Significantly, although Rule 55 permits a *district court* to enter default judgment against a defendant when appropriate, see Fed. R. Civ. P. 55, "[t]he Federal Rules of Appellate Procedure do not allow us to enter default judgment against an appellee for failure to file a brief," Cent. Dauphin Sch. Dist. v. Rashawn S. ex rel. Kendra S., 65 F. App'x 394, 395 (3d Cir. 2003). Thus, we deny Lewis's motion for judgment and order *pro confesso*.

In addition, because we have determined that Lewis's appeal lacks merit, we deny as moot his motion seeking the appointment of a special master.