**Richard WEBB, Plaintiff,**

v.

**Kwegyir AGGREY et al., Defendants.**

No. C 76–324.

United States District Court,
N. D. Ohio, W. D.

Oct. 2, 1979.

---

14. *Costello v. Loew's Inc., supra,* at 789; *Gethers v. Blatty,* 283 F.Supp. 303 (D.C.Cal.1968).

Sarah L. Baker, Advocates for Basic Legal Equality, Toledo, Ohio, for plaintiff.

Anthony Pizza, Lucas Co. Prosecutor, Toledo, Ohio, Geoffrey Webster, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## MEMORANDUM and ORDER

WALINSKI, District Judge:

■ This cause came to be heard on plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 1988. This action was brought to enforce rights under 42 U.S.C. § 1983, and the Social Security Act, 42 U.S.C. § 301 *et seq.* Section 1988 provides in pertinent part that in any action to enforce rights under § 1983 "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." It is undisputed that plaintiff has prevailed [1] and his counsel has devoted 224.5 hours to the preparation and successful prosecution of his claims.

Defendants offer three arguments against the present motion: (1) that the statute authorizes a fee award "in [the Court's] discretion" and not as a matter of course; (2) that special circumstances exist for denying an award in that defendants acted in good faith conformity with state law, following an honest (though mistaken) interpretation of the federal law; and (3) that the special status of plaintiffs' counsel as a publicly funded legal assistance agency precludes its "double-dipping" from the public treasury. None of these arguments has merit.

■ That a court has discretion to do or not to do an act does not mean that it has a license to decide as it pleases. The exercise of discretion is a judicial act, controlled by more or less well defined legal standards. *See* B. Cardozo, *The Nature of the Judicial Process* 129 (1921). In relation to civil rights fee awards, the circumstances requiring a plaintiff's recovery are more than adequately well defined. In both its language and its legislative history, § 1988 manifests a congressional intent in favor of fee awards. *See* Senate Report No. 94–1011, 9th Cong., 2nd Sess. 4, *reprinted in*, [1976] U.S.Code & Admin.News, pp. 5908, 5912. *See also Monroe v. County Board of Education of Madison County*, 583 F.2d 263, 265 (6th Cir. 1978); *Seals v. Quarterly County Court*, 562 F.2d 390, 393 (6th Cir. 1977). Indeed, the Court of Appeals for this Circuit has suggested that a failure to award fees will be viewed as an abuse of discretion if the Court has not specifically found that the case fits within any of the judicially defined categories of "special circumstances." *See Monroe v. County Board of Education*, 505 F.2d 105, 108–09 (6th Cir. 1974). *See also Haycraft v. Hollenbach*, 606 F.2d 128 at 132 (6th Cir. 1979); Berger, *Court Awarded Attorney's Fees: What is "Reasonable"?*, 126 U.Pa.L.Rev. 281, 315 (1977).

---

1. Though the action was disposed of on the basis of the Social Security Act claim, without resolution of the issues under § 1983, plaintiff is still the "prevailing party" under § 1988. *See Seals v. Quarterly County Court*, 562 F.2d 390, 393 94 (6th Cir. 1977).

■ No special circumstances are suggested by either of defendants' other two arguments. As to Defendant Creasy in his official capacity,[2] the claim of compulsion by state law is hardly supportable since it was his office which promulgated the regulation which this Court found to be in conflict with federal law. In any event, defendants' good faith is not a "special circumstance" taking their liability in their official capacities out of the general rule entitling prevailing plaintiffs to recover. *Haycraft v. Hollenbach, supra,* at 131; *Nadeau v. Helgemoe,* 581 F.2d 275, 280 (1st Cir. 1978); *Brown v. Culpepper,* 559 F.2d 274 (5th Cir. 1977); *Chastang v. Flynn & Emrich Co.,* 541 F.2d 1040, 1045 (4th Cir. 1976); *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970).

■ Nor is an award to be denied on the ground that either plaintiffs' counsel or defendants' agencies or both are publicly funded. Defendants are not immune from an award under the statute by reason of the Eleventh Amendment. *Hutto v. Finney,* 438 U.S. 678, 693–700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Seals v. Quarterly County Court, supra,* at 394. And plaintiffs' counsel is not denied the award simply because it derives a substantial portion of its operating budget from government sources. As the Court of Appeals for this Circuit expressed even before enactment of the Civil Rights Attorney's Fees Awards Act of 1976:

> The fact that Appellees' counsel was a legal services organization [A.B.L.E.] * *. * is irrelevant in determining whether an award [of attorney's fees] is proper. Legal services organizations do not have unlimited resources to devote to the public interest and must confine their representation of indigents to the boundaries of their budgets. An attorney fees' award serves its purpose—to prevent worthy claimants from being silenced or stifled because of a lack of legal resources—whether it goes to private or "public" counsel.

*Incarcerated Men of Allen County Jail v. Fair,* 507 F.2d 281, 286 (6th Cir. 1974). See also *Palmer v. Columbia Gas of Ohio, Inc.,* 375 F.Supp. 634, 636 (N.D.Ohio 1974) (Young, J.). *Cf.* Posner, *An Economic Approach to Legal Procedure and Judicial Administration,* 2 J. Leg. Studies 399, 437–38 (1973). These same considerations are all the more important given enactment of § 1988's attorney's fees provision, and have provided the basis on which courts have universally held that under the Act the fact that counsel receives no fee from the client or counsel is supported by a public agency does not constitute a "special circumstance" which would justify a denial of fees. *See, e. g., Reynolds v. Coomey,* 567 F.2d 1166, 1167 (1st Cir. 1978); *Rodriquez v. Taylor,* 569 F.2d 1231, 1244–46 (3rd Cir. 1977), *cert. denied,* 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978); *Equal Employment Opportunity Commission v. Enterprise Association Steamfitters Local No. 638,* 542 F.2d 579, 592–93 (2nd Cir. 1976), *cert. denied,* 430 U.S. 911, 97 S.Ct. 1186, 51 L.Ed.2d 588 (1977); *Curd v. Dempsey,* 445 F.Supp. 942, 944–45 (E.D.Mich.1978); *White v. Beal,* 447 F.Supp. 788, 795 (E.D.Pa.1978); *NAACP v. Bell,* 448 F.Supp. 1164 (D.D.C.1978); *Alsager v. District Court,* 447 F.Supp. 572, 576–78 (S.D.Iowa 1977); *Southeast Legal Defense Group v. Adams,* 436 F.Supp. 891 (D.Or. 1977).

■ As there are, therefore, no special circumstances, plaintiff is entitled to recover "a reasonable attorney's fee." In determining what total amount is "reasonable," the Court is guided primarily by consideration of a usual hourly rate for cases of this kind. *See Singer v. Mahoning County Board of Mental Retardation,* 519 F.2d 748, 749 (6th Cir. 1975). Plaintiffs seek $50 per hour. Defendants contend that this should be reduced due to the public funding of plaintiffs' counsel. The Court agrees that it should be reduced, but not for that rea-

2. The defendants were sued individually and in their official capacities but for all practical purposes the action has proceeded against them only in their official capacities. For this rea-

son, any fee award will be entered against them only in those capacities. *See Hutto v. Finney,* 438 U.S. 678, 692 n. 19, 699 n. 32, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

son. In *Thom v. Aggrey*, 455 F.Supp. 1 (N.D.Ohio 1977), present counsel's services were valued at $30 per hour, based on the Court's assessment of customary rates in this community. Plaintiffs' argument that this case involved more difficult legal issues may be well taken, but that difference, if any, is reflected in the hours spent, not in the rate per hour. The Court continues to consider $30 per hour to be reasonable.

For the foregoing reasons, plaintiffs' motion for an award of attorney's fees is granted, and plaintiffs are awarded, against the defendants in their official capacities jointly, $6,735.00 ($30 per hour multiplied by the undisputed 224.5 hours of preparation) as part of their costs herein. Should plaintiffs prevail on appeal, a motion for an additional award will be appropriate.

IT IS SO ORDERED.