CONCORD TOWNSHIP BOARD OF TRUSTEES, Appellant,

v.

CITY OF PAINESVILLE et al., Appellees.

[Cite as *Concord Twp. Bd. of Trustees v. Painesville,*
158 Ohio App.3d 719, 2004-Ohio-5461.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2003–L–036.

Decided Oct. 8, 2004.

Michael C. Lucas, for appellant.

Joseph M. Gurley, Painesville City Law Director, for appellees city of Painesville and Shirley Onderisin.

Charles E. Coulson, Lake County Prosecuting Attorney, for appellees Lake County Board of County Commissioners and Edward H. Zupancic.

Anthony J. Aveni, for appellee Phillip C. Vincello.

David J. Richards Jr., for appellee Wm. C. Kay Builders, Inc.

---

WILLIAM M. O'NEILL, Judge.

{¶ 1} Appellant, Concord Township Board of Trustees, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied the trustees' petition for an injunction stopping the annexation of a parcel of property in Concord Township to the city of Painesville. The Lake County Board of Commissioners had authorized the annexation.

{¶ 2} The property to be annexed is a 5.831–acre parcel of land consisting of three contiguous lots located in the township. It is immediately adjacent to the city of Painesville. The property has a narrow, 95–foot–wide access to Chestnut

Street, a county road within the township. It opens up to a five-acre parcel in the back, which is directly behind single-family residences and duplexes. The dwellings are in accordance with the current zoning scheme in that portion of the township. The property is a flag-shaped parcel. The owners desire to sell the property to a developer for the purpose of constructing a 45– to 50–unit condominium complex. That use of the land would be prohibited under current township zoning regulations. Additionally, the township does not offer sanitary sewers, which would be required for a condominium complex.

{¶ 3} The owners filed a petition for annexation with the commissioners. Pursuant to R.C. 709.032, a public hearing was held. Thereafter, the commissioners, by a two-to-one vote, approved the annexation. Subsequently, the trustees filed the underlying complaint to enjoin annexation. On February 22, 2000, the trial court reversed the decision of the commissioners, stating:

{¶ 4} "The court finds the issues by clear and convincing evidence in favor of the [trustees]. The court further finds that the annexation would adversely affect the legal rights or interests of the [trustees]. The [commissioners'] decision was unreasonable or unlawful. The court further finds that the annexation was not for the general good of the territory.

{¶ 5} "Injunction granted."

{¶ 6} The city timely filed a notice of appeal. That appeal was assigned case No. 2000–L–037. However, on August 10, 2001, this court, without addressing the merits of the city's appeal, remanded the case to the trial court for the purpose of clarifying its judgment entry. In response, the trial court had the parties submit proposed findings of fact and conclusions of law. Then, the trial court issued a judgment entry adopting the trustees' findings of fact and conclusions of law.

{¶ 7} On November 20, 2001, this court again remanded this matter to the trial court with instructions to set forth its own findings of fact and conclusions of law. The trial court was given 60 days to comply with our judgment entry. The 60–day deadline expired without a new judgment entry being filed by the trial court.

{¶ 8} Judge Bettis was the visiting judge originally assigned to this matter. Following the expiration of the remand, Judge Bettis indicated to this court that he was unable to comply with the second remand. Thereafter, in September 2002, this court issued a judgment entry requesting the appointment of a new judge. Judge Lucci was assigned to the case. In February 2003, after holding a status conference that will be discussed later, Judge Lucci issued a new judgment entry, denying the trustees' petition for injunction.

{¶ 9} As a result of the February 2003 judgment entry, the city's assignments of error in case No. 2000–L–037 were rendered moot. Accordingly, case No. 2000–L–037 was dismissed by this court in April 2003.

{¶ 10} The trustees have appealed the February 2003 judgment entry to this court, resulting in the instant appeal. The trustees raise three assignments of error. Their first assignment of error is:

{¶ 11} "The second trial court erred to the prejudice of appellant Concord by exceeding the scope of [the] remand and reversing the original trial court's decision to enjoin the annexation of the subject property under R.C. 709.07(E)."

{¶ 12} The appropriate procedure to be followed in a situation where a judge is unable to complete his assignment is set forth in Civ.R. 63:

{¶ 13} "(A) During trial

{¶ 14} "If for any reason the judge before whom a jury trial has commenced is unable to proceed with the trial, another judge * * * may proceed with and finish the trial upon certifying in the record that he has familiarized himself with the record of the trial; but if such other judge is satisfied that he cannot adequately familiarize himself with the record, he may in his discretion grant a new trial.

{¶ 15} "(B) If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge * * * may perform those duties; but if such other judge is satisfied that he cannot perform those duties, he may in his discretion grant a new trial."

{¶ 16} Our final remand judgment entry was entirely consistent with Civ.R. 63(B). The entry stated, "[The replacement] judge is also hereby authorized to conduct any additional hearings necessary in his or her discretion in order to comply with the directive of our remand."

{¶ 17} The trustees cite *Vergon v. Vergon* for the proposition that a successor judge may not issue judgment merely on the transcripts of the proceeding when witness credibility is a factor.[1] Witness credibility was not a central issue in this matter. This case did not involve a factual occurrence, such as a car accident, where differing versions of key facts could affect the outcome of the case. Various witnesses testified regarding the possible effect of the annexation. As noted below, the trustees had the burden of showing that the commissioners' decision was unreasonable or unlawful. Further, some additional evidence was presented at the trial court level.

{¶ 18} Moreover, we acknowledge the trial court's judgment entry filed November 25, 2002. This entry states that the new trial judge held a status

---

1. *Vergon v. Vergon* (1993), 87 Ohio App.3d 639, 643, 622 N.E.2d 1111.

conference with the attorneys. The trial court noted that it had reviewed Civ.R. 63 and this court's remand, and the court properly determined that it was permitted to hold an additional evidentiary hearing or rely on the record as it existed. At that time, the trial court indicated that it had not reviewed the record, but would review it to determine whether additional hearings were necessary. Last, the trial court stated, "The parties have informed the court that they do not know of any credibility issues in the testimony of witnesses, and that it may not be necessary to take new or further evidence." Presumably, the parties had agreed that it was unnecessary for the new trial judge to hear additional evidence. If this was not the case, the trustees had the opportunity to file a motion in response to this judgment entry, before the trial court issued its final judgment entry. The trustees did not file such a motion, nor did they file a motion for a new trial. Rather, the trustees filed their proposed findings of fact and conclusions of law. That pleading is also devoid of a request for an additional hearing or new trial.

{¶ 19} The Fourth Appellate District has recently addressed a similar issue.[2] The Fourth District held that a replacement trial judge may need to familiarize himself with the case.[3] Once the case has been heard, this would include reviewing the transcripts of the proceedings. The court noted:

{¶ 20} " '[W]hile it is always desirable to have the factfinder personally observe the witnesses whose credibility he or she is called upon to determine, considerations of judicial economy may weigh against the additional delay and expense represented by a new trial. Civ.R. 63(B) leaves it to the trial court to balance these factors along with any other relevant factors in exercising its discretion whether to order a new trial.' "[4]

{¶ 21} This court has also recognized that judicial economy may be a factor when considering whether the trial court abused its discretion by not conducting a new hearing.[5] The matters in *Stychno* and *O'Neal* were pending eight and ten years, respectively.[6] The instant matter had been pending nearly five years when Judge Lucci entered his judgment.

---

2. *Witt v. Akron Express, Inc.*, 4th Dist. No. 03CA10, 2004-Ohio-251, 2004 WL 102780.

3. Id. at ¶ 12.

4. Id. at ¶ 14, quoting *Adkins v. Adkins* (1988), 43 Ohio App.3d 95, 100, 539 N.E.2d 686.

5. *Stychno v. Stychno* (Aug. 14, 1998), 11th Dist. Nos. 97–T–0003 and 96–T–5620, 1998 WL 637810, * 3, citing *O'Neal v. E.I. duPont DeNemours & Co.* (May 21, 1993), 6th Dist. No. L–92–111, 1993 WL 380097.

6. Id.

{¶ 22} Accordingly, the trial court did not abuse its discretion by failing to hold an additional hearing.

{¶ 23} Next, the trustees contend that the trial court abused its discretion by not following the judgment entry of the initial trial court. The trustees cite *Ingalls v. Ingalls*, in which the Eighth Appellate District held, "Civ.R. 63(B) recognizes that once a verdict or decision has been rendered in a case, the journalization of the court's judgment should be in accordance which such verdict or decision in the absence of some basis for contrary action."[7] The trustees assert that Judge Lucci needed to enter judgment consistent with the judgment entered by Judge Bettis in order to comply with this court's remands. We disagree. Our remands instructed the trial court to provide reasons for its decision. They did not instruct the trial court to enter a specific judgment. Rather, we gave the trial court the option to enter judgment as it deemed appropriate.

{¶ 24} In the second remand judgment entry issued by this court, the following language was quoted from the initial judgment entry remanding the matter to the trial court:

{¶ 25} " 'The trial court needs to indicate *whether* the Township established by clear and convincing evidence that annexation would adversely affect its legal rights or interests. *If* the trial court determines that the Township met this burden, then the trial court needs to indicate which, if any, of the three alternatives in R.C. 709.07(D) the Township met. *If* the court determines that the Commissioners' decision was unlawful or unreasonable, it needs to specify which of those two alternatives it is basing its decision. It would be most helpful for purposes of conducting a meaningful review if the trial court could elaborate its reasoning.' " (Emphasis added.)

{¶ 26} In the November 25, 2002 judgment entry, the trial court stated that it was not bound by the decision of the prior trial court. It also observed that the initial judgment entry was only four sentences long and was unsupported by "findings of fact and conclusions of law or any rationale" for the decision. Taken together, these statements clearly and correctly put the parties on notice that the subsequent trial judge was going to rule on the case in a de novo manner. Again, the trustees failed to file a motion objecting to the trial court's conclusion.

{¶ 27} The trial court did not abuse its discretion by entering a judgment that was inconsistent with the previous judgment entry.

{¶ 28} Finally, the subsequent trial judge denied the trustees' petition for injunction in a very detailed, 12–page judgment entry. This entry indicates that

---

7. *Ingalls v. Ingalls* (1993), 88 Ohio App.3d 570, 574, 624 N.E.2d 368.

the court reviewed the entire record and thoroughly applied the applicable law to the facts of the case.

{¶ 29} The trial court did not abuse its discretion by entering judgment without conducting a new hearing. In addition, the trial court's decision to enter judgment in favor of appellees was within the directive of this court's remands. The trustees' first assignment of error is without merit.

{¶ 30} The trustees' second and third assignments of error are:

{¶ 31} (2) "The subsequent trial court abused its discretion in modifying the original trial court's decision which correctly granted Concord's complaint to enjoin annexation and implement the injunctive relief of R.C. 709.07(E).

{¶ 32} (3) "The trial court erred to the prejudice of appellant Concord by determining that the 2–1 decision of the Lake County Board of Commissioners approving the annexation petition was reasonable and lawful."

{¶ 33} The trustees' second and third assignments of error both claim that the trial court erred in affirming the commissioners' decision. Thus, we will address these claimed errors in a consolidated fashion. R.C. Chapter 709 governs annexations of this nature. Since this matter was filed, portions of R.C. Chapter 709 have been amended. "If there is no clear indication of retroactive application, then the statute may only apply to cases which arise subsequent to its enactment."[8] Accordingly, we will use the version of this chapter in effect when this matter commenced.

{¶ 34} Under the former version of the statute, a board of county commissioners shall allow annexation to occur if the parcel is not unreasonably large and "the general good of the territory" to be annexed is served by the annexation.[9]

{¶ 35} A petitioner seeking to enjoin a proposed annexation bears a heavy burden of satisfying the requirements of R.C. 709.07(D). That is because "it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory."[10] The former version of R.C. 709.07(D) provided:

{¶ 36} "The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:

8. *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 503 N.E.2d 753.

9. Former R.C. 709.033(E), 1988 Am.Sub.S.B. No. 38, 142 Ohio Laws, Part I, 98.

10. *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 285, 530 N.E.2d 902; *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219.

{¶ 37} "(1) There was error in the proceedings before the board of county commissioners * * *, or that the board's decision was unreasonable or unlawful; or

{¶ 38} "(2) There was error in the findings of the board of county commissioners." 1991 Sub.H.B. No. 228, 144 Ohio Laws, Part III, 3756.

{¶ 39} Thus, in order to avoid dismissal of their petition for an injunction, the township had the burden of proving by clear and convincing evidence that the annexation would adversely affect its legal rights or interests *and* (1) that either there was prejudicial error in the proceedings or that the commissioners' decision was unreasonable or unlawful, *or* (2) that there was error in the commissioners' findings.

{¶ 40} Under the former version of the statute the choice of the property owner of the parcel to be annexed was a key consideration.[11]  The Supreme Court of Ohio has stated, "[T]he spirit and purpose of the annexation laws of Ohio are to encourage annexation to municipalities *and to give weight to the requests of property owners relative to the governmental subdivision in which they desire their property to be located.*"[12]

{¶ 41} In the present case, the owners wanted the annexation to occur.  Thus, in light of the stated policy to encourage annexation and the fact that the owners herein favored annexation, the township already had two strikes against it.

{¶ 42} Even if the trial court concluded that there would be some adverse effect on the legal rights or interests of the township as a result of an increased population density, higher traffic flow, conflicting road maintenance, or incompatible zoning, it is clear that the other prongs of the test set forth in R.C. 709.07(D) had not been met.  Specifically, there had been no showing by the trustees that the commissioners' decision was unreasonable or unlawful or that there was an error in the commissioners' findings.

{¶ 43} The trustees argued that the commissioners' decision was unreasonable and unlawful because of possible confusion in the delivery of governmental services; increased traffic flow; comparative rates of taxation; and the large size and unusual shape of the property to be annexed.  However, the trustees presented little or no evidence to substantiate these claims.  Evidence was presented by the city and the owners that governmental services would be much better for residents of the property if annexation occurred.  Also, traffic flow

---

11.  *Middletown v. McGee,* 39 Ohio St.3d at 286, 530 N.E.2d 902.

12.  (Emphasis added.)  *Smith v. Granville Twp. Bd. of Trustees,* 81 Ohio St.3d at 614, 693 N.E.2d 219; see, also, *Moore v. Lake Cty. Bd. of Commrs.,* 11th Dist. No. 98–L–247, 2002-Ohio-2978, 2002 WL 1306048, at ¶ 12.

would only be increased a minimal amount. The Painesville City Manager stated that the increase in traffic would amount to approximately two percent and could possibly result in a positive effect for commercial activities in the general area. Moreover, the city and the owners presented evidence that without the city utilities, the property was not capable of being developed.

{¶ 44} As for the size of the land, it is less than six acres and, thus, clearly not unreasonably large. The trustees argue that the property was unusually shaped, much like the letter "L." Ohio courts, however, have held that the creation of "islands" after annexation will not defeat an annexation petition if the decision to create the islands was reasonable.[13] There was nothing unreasonable about the owners' request for annexation given the problems associated with developing the property in the absence of annexation.

{¶ 45} In annexation cases under the former version of the statute, the focus was on whether the proposed annexation is for the good of the territory to be annexed, not the impact of the annexation on the surrounding territory.[14] In the case at bar, the commissioners examined all of the evidence and concluded that annexation of the property, which was favored by all owners, was good for the territory to be annexed. This conclusion is amply supported by the record and is both reasonable and lawful.

{¶ 46} The trial court did not abuse its discretion by denying the trustees' complaint for an injunction. The trustees' second and third assignments of error are without merit.

{¶ 47} The judgment of the trial court is affirmed.

Judgment affirmed.

CHRISTLEY and GRENDELL, JJ., concur.

---

13. *In re Annexation of 343.2255 Acres from Symmes Twp.* (1995), 106 Ohio App.3d 512, 519, 666 N.E.2d 593, citing *In re Appeal of Jefferson Twp. Bd. of Trustees* (1992), 78 Ohio App.3d 493, 499, 605 N.E.2d 435.

14. R.C. 709.033; *In re Annexation of 118.7 Acres in Miami Twp.* (1990), 52 Ohio St.3d 124, 131, 556 N.E.2d 1140.