JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Joseph and Linda Krol (collectively "the Krols"), appeal the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} This appeal originated from the denial of a variance to the Krols. The variance concerned two garages, one attached and one detached, on the Krols' property in Seven Hills, Ohio.
 {¶ 3} In January 2004, the Krols sought permission from the city to build a second garage on their property. Approval from the city was necessary because Seven Hills Ordinance No. 963.02(a)(3) states that existing homes "can have either an unattached garage, as set forth in (a-1), or an attached garage, as set forth in (a-2), but not both an attached and unattached." The Krols' home had an attached garage and, therefore, a variance was needed to build a second garage. Additional variances were also needed due to the size and lot placement of the requested second garage.
 {¶ 4} In their application for a hearing before the Zoning Board of Appeals (ZBA), the homeowners asserted that the small size of the existing garage created a hardship because the family cars did not fit and there was no room for lawn or snow removal equipment. The Krols also stated their intent was to remove the existing driveway and to turn the existing garage into living space. The Krols' request for *Page 2 
variance was heard at the February 4, 2004 meeting of the ZBA. As required by ordinance, the ZBA sent out notice of the hearing on appellants' request to build a second garage to thirty-eight near or adjacent property owners. These property owners were invited to attend the meeting and express any opinion they may have had on this matter. Only one neighbor attended the meeting. He was concerned about the size and placement of the second garage, but stated he did not have an objection as long as the second garage was not an "eyesore" to the neighborhood.
 {¶ 5} Upon questioning by ZBA Chairman Sherry Marcuz, Mr. Krol told the board that he would remove the old driveway as soon as he put the new one in. However, he was uncertain about the timetable for conversion of the garage. Mr. Krol stated: "My wife has MS so I am trying to do this as I go along. If we need it, I can make the garage a bedroom with some handicap facilities or something." There were no further questions or comments from the board or from neighbors relating to the existing garage. The board then moved passage of three variances allowing the construction of an unattached, oversized, second garage on the Krols' property.
 {¶ 6} The board's passage was subject to review by city council. On March 22, 2004, council unanimously approved a motion to concur with the findings of the ZBA in granting the variance requests of appellants "concerning construction of a second garage that will be unattached." Appellants then built the second garage but failed to remove the existing driveway or convert the attached garage. *Page 3 
 {¶ 7} In January 2005, the Krols were informed by letter from the building commissioner that they were in violation of the terms of the variance. The commissioner instructed them to submit plans or a permit application for the conversion of the attached garage and the removal of the driveway leading to it by February 7, 2005. Mr. Krol wrote to the commissioner and explained that his wife's health had deteriorated in the prior six months and asked whether the attached garage could be kept for her use due to her medical problems. Attached to the letter was correspondence from a doctor attesting to Mrs. Krol's multiple sclerosis and other medical conditions and also attesting to her qualification for handicapped disability. The doctor stated that her condition was permanent and anything that would assist in her transferring from a vehicle or limit her walking to short distances would be appreciated. The commissioner responded that the property was in violation and that he did not have the authority to modify the approval of the variance. He told appellant that if he did not want to convert the attached garage to living space, he would have to apply to the ZBA for another variance.
 {¶ 8} Mr. Krol applied for a second variance in February 2005. At the March 9, 2005 ZBA meeting, Mr. Krol explained about the changes in his wife's medical condition and asked that he be allowed to maintain the attached garage as is. Chairman Marcuz read into the record the letter from Mrs. Krol's doctor requesting consideration of her needs. The Krols' next-door neighbor, Mrs. Grether, appeared with legal counsel and argued against the granting of the variance. When asked by *Page 4 
Chairman Marcuz what his client's objections were to the garage remaining as is, Mr. Kubyn voiced concerns over noise and traffic, claiming there was now "double traffic and double noise."
 {¶ 9} Mrs. Grether then addressed the board directly and took issue with the Krols and their doctor's characterization of Mrs. Krol's illness. The board then voted 5-0 to deny appellants' request for a variance to allow two garages on the property. At the March 28, 2005 meeting, council approved the ZBA's denial of the variance. On April 27, 2005, the Krols filed an appeal of the board's decision in the Cuyahoga County Court of Common Pleas pursuant to R.C. 2506.01. The Krols sought and were granted leave to amend their complaint to raise claims under the American with Disabilities Act ("ADA"), 42 U.S.C. 12132, and the Rehabilitation Act of 1973, 29 U.S.C. 794, seeking as remedy the reasonable accommodation of a variance to keep both garages. On March 22, 2006, the trial court issued a one-sentence ruling on the administrative appeal, stating: "Court finds in favor of the appellees City of Seven Hills." On August 10, 2006, the trial court granted summary judgment in favor of the city on all of the Krols' other claims.
 {¶ 10} On September 1, 2006, the Krols filed their notice of appeal from the decision of the trial court, assigning four errors for review. This court's decision was released on August 9, 2007 and journalized on August 20, 2007. This court reversed the trial court's ruling on the administrative appeal and ordered final judgment for the appellants. This court found that the Krols had an unconditional variance for two *Page 5 
garages on their property which the City of Seven Hills lacked the authority to revoke. Because it granted relief on the administrative appeal, this court did not reach the Krols' claims under the ADA and under the Rehabilitation Act of 1973, citing App. R. 12(A)(1)(c).Krol v. Council, City of Seven Hills, et al., Cuyahoga App. No. 88695,2007-Ohio-4049 (Krol I).
 {¶ 11} On September 26, 2007, the Krols filed their motion for an award of attorney fees and costs with the lower court. The lower court subsequently denied their motion for attorney fees and costs on September 28, 2007. The Krols then appealed the trial court's denial of attorney fees on October 24, 2007. *Page 6 
 II {¶ 12} Appellants' first assignment of error provides the following: "The trial court erred by failing to allow plaintiffs-appellants the opportunity for hearing prior to denying their motion for an award of attorney's fees and costs, and by failing to provide any explanation of its reasons for denial of plaintiffs-appellants' motion for an award of attorney's fees and costs. The motion for an award of attorney's fees is reflected in the record at R-69, and denial is reflected in the record at R-70."[1]
 {¶ 13} Appellants' second assignment of error provides the following: "The trial court erred by denying plaintiffs-appellants' motion for an award of attorney's fees. Denial is reflected in the record at R-70."
 III {¶ 14} Appellants' arguments are substantially interrelated. Therefore, for the sake of judicial economy, we shall address appellants' arguments together. Appellants seek $63,760 in attorney fees and costs in the amount of $3,228.55, with an additional grant of fees for time spent pursuing this fee motion.
 {¶ 15} We review a trial court's decision regarding attorney fees for an abuse of discretion. See Packard v. Mayer-Packard, Cuyahoga App. No. 85189, 2005-Ohio-4392; Rausch v. Rausch, Cuyahoga App. Nos. 87000 and 87147, 2006-Ohio-3847. *Page 7 
The amount of attorney fees awarded is discretionary with the court.Ingalls v. Ingalls (1993), 88 Ohio App.3d 570, 624 N.E.2d 368.
 {¶ 16} The courts have developed a well-defined standard for determining a plaintiff's entitlement to attorney fees under Section 1988, 42 U.S.C. Fenton v. Query (1992), 78 Ohio App.3d 731 (citingWebb v. Aggrey (N.D. Ohio 1979), 481 F.Supp. 651, 652). Unless there is a strong showing of special circumstances that would render such an award unjust, fees must be awarded, provided the following are determined: (1) the plaintiff must be a "prevailing party," and (2) the claim upon which the plaintiff has prevailed either (a) was based on a federal right created under a statute specified in Section 1988 or (b) was based on state law, but was joined in an action and arose out of "a common nucleus of operative fact" with such a federal claim that, although unaddressed, satisfied a test for substantiality.Fenton at 737.
 {¶ 17} The Krols cannot be considered to be a prevailing party, because the appellants are considered to have "prevailed" only when actual relief on the merits of their claim materially alter the legal relationship between the parties in a way that directly benefits the plaintiffs. DiLaura, et al. v. Township of Ann Arbor (2006),471 F.3d 666 (quoting Farrar v. Hobby (1992), 506 U.S. 103, 111).
 {¶ 18} The Krols argue that they are the prevailing party and are entitled to attorney fees and costs. However, their argument is misplaced. The lower court did not rule in a manner that provided actual relief on the merits in a way that directly benefitted the Krols. The Krols, at the beginning of this case in 2004, were given a *Page 8 
variance by the city allowing two garages to exist on their property. The Krols still have the initial variance they originally had.
 {¶ 19} The first variance allowed the Krols to have two garages on the property. This first variance was later found by this court to be anunconditional variance. Therefore, the language of the second variance was outside the scope of the board's authority. Accordingly, the first variance was never revoked. Therefore, there was no actual altering of the legal relationship between the parties in any way that directly benefits the Krols. The Krols, at the very outset, had a variance that allowed two garages to exist on their property and remain with the same variance.
 {¶ 20} In addition, there was never any determination by either court that Mrs. Krol had a disability within the meaning of the ADA or the Rehabilitation Act. Nor was there any determination made that Mrs. Krol was entitled to a "reasonable accommodation," specifically, an accommodation mandating two garages be maintained on the property.
 {¶ 21} A review of the evidence and the record supports the lower court's decision. Accordingly, we find that the trial court properly denied appellants' motion for attorney fees and costs. Moreover, the pleadings and evidence in the record do not present a substantial constitutional claim for which Section 1983 provides a remedy and do not satisfy the determination under factors 2(a) or (b) in Fenton, supra, required to allow for an award of attorney fees to the appellants. The *Page 9 
evidence in this case does not satisfy the legal requirements necessary in order to mandate that attorney fees and costs be paid to the Krols.
 {¶ 22} Accordingly, appellants' first and second assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] The record in the trial court will be cited as R-#, which refers to the pagination of the record prepared by the clerk of the Court of Common Pleas. *Page 1